**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GILBERTO COLON, | : | Civil No. 1:11-CV-890 |
| | : | |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| ROBERT KANNES, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The Plaintiff, a prisoner housed in the Lebanon County Prison who is proceeding *pro se*, first commenced this action by filing a complaint on May 11, 2011. (Doc. 1.) Colon's initial complaint was barely legible and largely inscrutable. It named twelve individual and institutional Defendants, ranging from the warden of the prison and Colon's sentencing judge, to prison counselors, corrections officers, administrators, parole officers, and medical personnel. As to each Defendant, Colon made a brief and cryptic claim, typically in the form of a sentence fragment. For example, Colon charged the prison warden with a "failure to cooperate and respond to grievances"; accused a state judge of "sentencing me to work release"; alleged that

1

other Defendants harmed him by "assuming I am a menace to society"; asserted that some individuals were liable for "failing to help me" or for "allowing all this"; and generally asserts that the Defendants were "making my life miserable". (Id.) Notably absent from the complaint was any allegation that this conduct violated any specific rights guaranteed to prisoners under the United States Constitution and laws of the United States.

Along with this complaint, Colon filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) On May 12, 2011, we issued a report and recommendation (Doc. 6), which granted this motion for leave to proceed *in forma pauperis* (Doc. 2) but recommended that the Court dismiss Colon's complaint for failure to state a claim upon which relief can be granted without prejudice to allowing Colon to attempt to correct the deficiencies noted in this complaint by filing an amended complaint. In an effort to assist Colon in framing his issues and concerns in a manner which would allow the courts to address them in an intelligible fashion, we explained to Colon in this report and recommendation the necessity of complying with the Federal Rules of Civil Procedure, which require that a complaint be a "short and plain statement" of a cause of action. (Id.)

Colon then responded to this report and recommendation by filing a document (Doc. 9), which the district court has construed as an amended complaint. On June 9,

2011, the district court entered an order, (Doc. 10) which adopted our initial report and recommendation dismissing the original complaint filed by Colon, but directed us to conduct a screening assessment of this *pro se* amended complaint

This amended complaint, which seems intended to address the deficiencies cited by the Court in its initial report and recommendation, actually in many respects compounds those deficiencies. The amended complaint is a 25-page document, which seeks to add a half dozen new individual and institutional Defendants to this lawsuit. In some instances, Colon names these individuals as Defendants but provides absolutely no explanation regarding what role, if any, they played in the events giving rise to this litigation. In other instances Colon names Defendants who do not reside in this district. For example, these new Defendants include a state mental hospital located in the Western District of Pennsylvania, the Warren State Hospital, where Colon alleges that he has received on-going treatment for a constellation of profound mental health issues. (Id.) After naming these additional Defendants and demanding the payment of $7,200,000 from the Defendants, Colon then engages in an extended, confused factual exegesis. (Id.)

The factual matters recited by Colon in this pleading appear to span many years, and have the quality in some instances of things that may be more imagined than real. For example, Colon alleges throughout these pleadings that he is the subject

of an investigation into allegations that he sexually molested a child he claims to be his daughter. However, the documents Colon  attaches to the complaint confirm for Colon that no such investigation has ever existed. (Id.) Despite the denial that there is any such investigation, this alleged investigation– which Colon's pleading reveal exists only in his imagination–serves as a centerpiece of this amended complaint.

This theme of a blurred distinction between matters real and imagined, relating to events of a sexual nature, recurs throughout this pleading. In this complaint Colon asserts in a detailed, but often deeply confused  fashion that he has engaged in sexual relations with a host of persons, and indulges in speculative assertions regarding the sexual practices of a wide array of persons. While Colon claims, and details, these alleged sexual relationships, he also acknowledges on occasion that the women he has identified as sexual partners seem unaware of the relationship he claims to have with them. Indeed, according to Colon his sexually explicit letters to at least some of these women have been referred to local authorities who are investigating Colon on charges of stalking and harassing these women.

Beyond sexual obsessions of an imaginary nature, three other themes emerge from Colon's latest pleading: anger, violence and mental illness. Thus, Colon repeatedly refers to substantial mental health issues which he acknowledges have plagued him for many years and confront him to this day, citing various psychiatric

4

evaluations, and mental health hospitalizations both in this district and in the Warren State Hospital, a mental health facility located in the Western District of Pennsylvania. (Id.) Further, throughout this amended complaint Colon describes and recounts an array of violent confrontations which he has had with others. In some instances, this violent imagery is cast against claims of a grandiose nature. Thus, for example, Colon alleges, without further explanation, that "I started a rebellion against law and grew an army of soldiers of my own and became a leader to a large organization." (Id., p.20.)

In sum, despite the prior guidance and advice set forth in our initial report and recommendation, Colon has now filed an amended complaint in this case, (Doc. 9) which still fails to comply with the basic requisites for a valid complaint in federal court because it fails to provide a "short and plain" statement of a cause of action. Presented with this latest pleading, we are compelled to conclude that Colon is unable at this time to conform his pleadings to the requirements set by the law, and that dismissal of this action without further leave to amend is now appropriate.

## II.   **Discussion**

### A.   **Screening of *Pro Se* Prisoner Complaints–Standard of Review**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials.  Specifically, we are

obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in

pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a  prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be  granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails

to state a claim upon which relief may be granted."  This statutory text mirrors the

language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief

can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint,

the United States Court of Appeals for the Third Circuit has aptly noted the evolving

standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.

2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint

states facts upon which relief can be granted when ruling on a motion to dismiss.  In

Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that,

when considering a motion to dismiss, a court should "begin by identifying pleadings

that, because they are no more than conclusions, are not entitled to the assumption of

truth."  Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice."  Id. at 1949.  Rather, in conducting a review of the adequacy of complaint,

the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations.  When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain

more than mere legal labels and conclusions.  Rather, a complaint must recite factual

allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level

of mere speculation. As the United States Court of Appeals for the Third Circuit has

stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis. First, the
> factual and legal elements of a claim should be separated. The District
> Court must accept all of the complaint's well-pleaded facts as true, but
> may disregard any legal conclusions. Second, a District Court must then

> determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Applying these standards, we find that this complaint, in its present form, is subject to summary dismissal.

**B.** **Colon's Amended Complaint Still Fails to Comply with Rule 8's Requirement that a Complaint Contain a "Short and Plain" Statement of a Cause of Action**

At the outset, we find that dismissal of this amended complaint is warranted because Colon's latest pleading, like his initial complaint, still plainly fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F..App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen, supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir.2005).

In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. However, in a case such as this, where the Plaintiff was given an opportunity to amend his complaint after being placed on notice of the requirements of Rule 8, but has failed to file a pleading that contains a short and plain statement of a cause of action a different course of action is appropriate. In such instances, the failure to timely submit a proper complaint that complies with the strictures of Rule 8 warrants the dismissal of the complaint with prejudice. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen, supra; Scibelli v. Lebanon County, supra.

These general legal principles governing adequacy of civil complaints continue to call for dismissal of this complaint in its current state. With respect to the Defendants named in this action, it is completely unclear what actions they are alleged to have taken, and when they are alleged to have taken those actions. This failure to articulate in the complaint a basis for holding these Defendants accountable for some violation of the constitution or other federal law also requires dismissal of these Defendants from this lawsuit. See Thomas v. Conway, No. 04-1137, 2005 WL 2030304 (M.D. Pa. July 21, 2005)(failure to name defendant in body of complaint compels dismissal). Indeed, in this case, without the inclusion of some further well-pleaded factual allegations, the assertions made here fail to meet the threshold defined

by law since they are little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice."  Ashcroft v. Iqbal, supra 127 S.Ct. at 1979.

In sum, despite a prior warning and admonition from the Court, Colon has proven himself unable to draft a complaint which complies with Rule 8 and contains a short and plain statement of a cause of action. Indeed, by any standard, Colon's current amended complaint–a 25 page pleading of a sexually explicit nature without any other coherent context, content, or chronology–is not a "short and plain" statement of a cause of action containing averments that are "concise, and direct." Therefore, Rule 8 now compels dismissal of the complaint in its entirety with prejudice. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen, supra;  Scibelli v. Lebanon County, supra.

## C.   Many of Colon's Claims Are Time-Barred

In addition to examining a complaint to ensure that it is a short and plain statement of a cause of action, when conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the dismissal of a *pro se* complaint on statute of limitations grounds:

12

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.")

Smith v. Delaware County Court, 260 F. App'x 454, 455 (3d Cir. 2008). It is well-settled that civil rights claims brought under 42 U.S.C. § 1983 which are "subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir.1993) (citing 42 Pa. Cons.Stat. Ann. § 5524); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n. 3 (3d Cir.1988)." Gordon v. Pugh, 235 F. App'x 51, 53 (3d Cir. 2007); Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations. For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000). Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991).In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)). The

consideration of "degree of permanence" is the most important of the factors. See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001)

In this case, because the Plaintiff knew of his claimed injuries at the time they were first allegedly inflicted–beginning many years ago–the continuing wrong theory and discovery doctrines, which extend the limitations period in some cases, do not apply. See Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) ("We understand Fowkes[v. Pennsylvania R.R. Co., 264 F.2d 397 (3d Cir. 1959)] to mean that continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy.") (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)).  See also Lake v. Arnold,  232 F.3d 360, 266-68 (3d Cir. 2000).

These principles control here and call for dismissal of many of Colon's far-flung, wide-ranging assertions. Colon's initial complaint was filed on May 11, 2011. A straightforward application of the two-year statute of limitations to this complaint then compels dismissal of all allegations this action which pre-date May 2009 as untimely. This fundamental defect appears to affect many of the assertions set forth in the amended complaint, (Doc. 9) and calls for the dismissal of all of these claims, causes of action, and Defendants, with prejudice.

### D.   Venue Does Not Lie in this District Over Many of the Acts and Defendants Named in the  Amended Complaint

Colon's amended complaint is further flawed in one other, basic respect.  A number of parties, claims and causes of action set forth in this pleading, involve alleged misconduct at the Warren State Hospital, a state mental institution which falls outside the Middle District of Pennsylvania. These acts are disparate in time and place, involve alleged Defendants who seem otherwise unrelated to one another, and are not linked together by the Plaintiff in any coherent and comprehensible fashion.

Given the widely differing factual background of these far-flung allegations, we conclude that these claims leveled regarding alleged misconduct at the Warren State Hospital are not properly joined with the other allegations in the amended complaint relating to alleged events in this district. See Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008)(joinder of 77 prison official defendants in 215 page, 687 paragraph *pro se* prisoner complaint improper under Rule 20 of the Federal Rules of Civil Procedure). Since these matters alleged to have occurred at the Warren State Hospital do not appear to be properly joined with the other allegations made in this lawsuit, venue over these matters does not lie in this district.

This case is a federal civil rights action. In such cases, where alleged violations of the United States Constitution form the basis for the court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue as to these specific allegations and provides that any action challenging actions at these two prisons should:

16

be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, "a substantial part of the events or omissions giving rise to the claim occurred" at the Warren State Hospital, in the Western District of Pennsylvania. Moreover, with respect to these claims arising out of events at the Warren State Hospital it appears that any Defendants named in these allegations either reside in, or may be found in the venue of the United States District Court for the Western District of Pennsylvania. See 28 U.S.C. § 118(c). Therefore, it is evident from the Plaintiff's latest amended complaint that these matters arising at the Warren State Hospital are not properly joined with the other allegations in the amended complaint, and venue over these matters lies in the United States District Court for the Western District of Pennsylvania.

When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the court. Under 28 U.S.C. § 1406:

The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.

28 U.S.C. § 1406(a).

This Court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the Court gives the Plaintiff notice of its concerns and an opportunity to be heard on the issue. See e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996)(" [A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.") Through this report and recommendation we place Colon on notice of this venue issue, and recommend that these allegations regarding  the Warren State Hospital, which are not properly joined in this lawsuit, be dismissed pursuant to 28 U.S.C. § 1406(a).

### E.    A Number of The Specific Claims Made By Colon Also Fail As a Matter of Law

Beyond these broad failings, Colon's amended complaint still suffers from a series of more specific shortcomings, shortcomings that independently compel the dismissal of some of the claims and Defendants set forth in that complaint. These separate, specific flaws are discussed below:

### 1.    The Judicial Official Named in This Lawsuit Is Entitled to Immunity from Lawsuit.

At the outset, to the extent that Colon seeks in his complaint to hold a state judge personally liable for civil rights violations, it is well-settled that such an official is individually cloaked with immunity from liability. The United States Supreme

Court has long recognized that those officials performing judicial, quasi-judicial, and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities. In order to provide this degree of protection from liability for judicial officials, the courts have held that judges, <u>Mireless v. Waco</u>, 502 U.S. 9, 13 (1991); prosecutors, <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427 (1976); and those who perform adjudicative functions, <u>Imbler</u>, 424 U.S. at 423 n. 20  (grand jurors); <u>Harper v. Jeffries</u>, 808 F.2d 281, 284 (3d. Cir. 1986)(parole board adjudicators); are entitled to immunity from personal liability for actions they take in our adversarial system of justice.

These longstanding common law immunities for judicial officials apply here and also prevent Colon from maintaining this civil action against his sentencing judge. Simply put, the judge  who presided over Colon's case is entitled to judicial immunity for this action. <u>Kwasnik v. Leblon</u>, 228 F. App'x 238, 243 (3d Cir. 2007). As the Third Circuit explained when it rejected a similar effort to impose personal civil rights liability on a judge, this immunity is both broad and absolute:

> A judicial officer in the performance of his or her duties has absolute immunity from suit. <u>Mireles v. Waco</u>, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted).

Kwasnik, 228 F.App'x at 243.

In short, since this judicial officer is immune from liability for his act of sentencing the defendant, Colon simply may not maintain an action against this defendant and his claims against his sentencing judge must be dismissed.

## 2.   Colon Has Failed to State Any Claims Against Prison Supervisors.

Moreover, Colon's complaint still names a series of prison supervisors as Defendants, but is bereft of any factual allegations regarding misconduct by these Defendants. It is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named Defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. Quite the contrary, to state a constitutional tort claim the Plaintiff must show that the supervisory Defendants actively deprived him of a right secured by the Constitution.  Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v. Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to prison supervisors it is well-established that: "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be

20

predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution

Ashcroft v. Iqbal,  129 S.Ct. 1937, 1948 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their subordinates. O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004).

Nor can inmates sustain claims against prison officials based solely upon assertions that those officials failed to adequately investigate their past grievances. Inmates do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 283 F. App'x 880, 2008 WL 2600723 at *1 (3d Cir. June 30, 2008) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, dissatisfaction with response to an inmate's grievances does not support a constitutional claim. See also Alexander v. Gennarini, 144 F. App'x. 924 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). See also Cole v. Sobina, No. 04-99J, 2007 WL 4460617, at *5 (W.D. Pa. Dec. 19, 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern."). As the United States Court of Appeals for the Third Circuit recently observed when disposing of a similar claim by another inmate:

> Several named defendants, such as the Secretaries of the Department of Corrections or Superintendents, were named only for their supervisory roles in the prison system. The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were

referred to them. <u>See Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir.1988) (defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior* ); <u>see also Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir.1996) (state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause).

<u>Pressley v. Beard</u>, 266 F. App'x 216, 218 (3d Cir. 2008).

In this case, fairly construed, Colon's claims against the supervisory prison Defendants named in his complaint consist of little more than assertions of *respondeat superior* liability, coupled with dissatisfaction with their processing of this inmate's past grievances, assertions which as a matter of law do not suffice to state a constitutional tort claim. Therefore, these Defendants are also entitled to be dismissed from this case.

### 3.    <u>Colon's Request for Unliquidated Damages Is Improper</u>

Finally, we note that the demand for specified compensatory and punitive damages totaling $7,200,000 set forth in the amended complaint is inappropriate. Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f). Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. <u>Singh v. Superintending School Committee of the City of Portland</u>, 593 F. Supp. 1315

(D. Me. 1984). In this case, the Plaintiff's claim for a specified amount of unliquidated damages violates Local Rule 8.1 which provides, in part, that: " The demand for judgment required in any pleading in any civil action pursuant to Fed. R. Civ. P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief but shall not claim any specific sum where unliquidated damages are involved. The short plain statement of jurisdiction, required by Fed. R. Civ. P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other." Local Rule 8.1 (emphasis added). Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, it is further recommended that this specific dollar claim be stricken from the complaint.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Since Colon's latest *pro se* complaint still does not comply with these pleading rules, and does not contain sufficient factual recitals to state a claim upon which relief may be granted, these allegations should be dismissed under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Moreover, in this case, the Court has previously provided the Plaintiff with an opportunity to amend these pleadings, but to no avail. The current amended complaint still fails to state a viable civil rights cause of action, and actually repeats assertions that were previously found to be legally insufficient. Since the Plaintiff has been afforded ample opportunity to correct the deficiencies identified in his prior complaint, has failed to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that he has no right to relief, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, it is recommended that the amended complaint (Doc. 9) be dismissed without further leave to amend.

While the law compels this result, we recognize that Mr. Colon comes to the courts seeking relief from a host of challenges that plague him. Regrettably we cannot provide him this relief that he seeks. Rather, Mr. Colon should turn elsewhere for assistance resolving the medical, emotional and legal concerns that confront him.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's amended complaint (Doc. 9) should be dismissed with prejudice because the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure; many allegations in the complaint are now time-barred; venue does not lie in this district over a number of these allegations; various claims made by the Plaintiff fail

as a matter of law; and the Plaintiff has demonstrated that he is, at present, unable to

properly frame a complaint that complies with the requirements prescribed by the

Federal Rules of Civil Procedure.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of June, 2011.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge