## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GILBERTO A. COLON,** | : | |
| **Plaintiff** | : | **No. 1:11-cv-890** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **ROBERT J. KARNES, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 12, 2011, Magistrate Judge Martin Carlson issued a Report and

Recommendation ("R&R") in the above-captioned case.  (Doc. No. 6.)  In the May 12, 2011

R&R, Judge Carlson granted Plaintiff Gilberto Colon's motion for leave to proceed in forma

pauperis but recommended that the Court dismiss Colon's complaint for failure to state a claim

upon which relief can be granted without prejudice to allowing Colon to attempt to correct the

deficiencies noted in the original complaint.  (Id. at 2.)  Rather than filing objections to the R&R,

Colon filed what appeared to this Court to be an amended complaint.  (Doc. No. 9.)  As a result,

on June 9, 2011, this Court adopted the R&R dismissing the original complaint but remanded the

case to Judge Carlson to determine whether Colon had met the pleading requirements in Colon's

amended complaint.

On June 10, 2011, Magistrate Judge Carlson issued a second R&R, addressing the merits

of the Colon's amended complaint.  (Doc. No. 11.)  In the R&R, Magistrate Judge Carlson notes

that the amended complaint compounds the deficiencies in the original complaint and "despite

the prior guidance and advice set forth in [the] initial report and recommendation . . . still fails to

comply with the basic requisites for a valid complaint in federal court" by failing to provide a

"short and plain" statement of a cause of action.  (Id. at 3-5.)  Instead, "[t]he amended complaint

is a 25-page document, which seeks to add a half dozen new individual and institutional

Defendants to this lawsuit. . . . After naming these additional Defendants and demanding the

payment of $7,200,000 from the Defendants, Colon engages in an extended, confused factual

exegesis."  (Id. at 3.)  The R&R goes further to explain the tenor of the claims asserted by Colon

in the amended complaint, explaining that "[t]he factual matters recited by Colon in [his

amended complaint] appear to span many years, and have the quality in some instances of things

that may be more imagined than real."  (Id.)  Magistrate Judge Carlson explains that the

amended complaint focuses on events of a sexual nature, and reveal themes of "anger, violence,

and mental illness."  (Id. at 3-5.)  After reviewing the 25-page amended complaint, Magistrate

Judge Carlson found that the complaint does not contain sufficient factual recitals to state a

claim upon which relief may be granted, that many of the allegations in the complaint are time-

barred, that venue does not lie in this district over a number of the allegations, and that various

claims made in the complaint fail as a matter of law.  (Id. at 24-26.)

In deciding whether to accept, reject, or modify an R&R, the Court is to make a de novo

determination of those portions of the R&R to which objection is made.  28 U.S.C. § 636(b)(1).

Since the filing of the June 10, 2011 R&R, the Court has received three letters from Colon, one

of which could be liberally construed as an objection to the R&R.  (See Doc. No. 13.)  However,

this document fails to provide any legal argument against the dismissal of the complaint and

instead only continues in the same themes of anger, violence, and confusion surmised by

Magistrate Judge Carlson in the amended complaint.

ACCORDINGLY, on this 19th day of October 2011, finding no meritorious objections

filed thereto, it is **HEREBY ORDERED THAT** Magistrate Judge Carlson's Report and

Recommendation (Doc. No. 11) is **ADOPTED** and Plaintiff's amended complaint (Doc. No. 9)

is dismissed with prejudice for the reasons outlined in the June 10, 2011 Report and

Recommendation.  The Clerk of Court shall close this case.


/s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania